IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRAIG A. KORAC, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   Civil Action No. 1:12-CV- 00657 - RGA |
| | : |
| QxC COMMUNICATIONS, INC., f/k/a | : |
| WiBeam Communications, Inc., | : |
| and JOHN VON STEIN, | : |
| | : |
|     Defendants. | : |

**MEMORANDUM OPINION**

David M. Powlen, Esq., Kevin G. Collins, Esq., Barnes & Thornburg, LLP, Wilmington, DE, Thomas J. Gallo, Esq., Barnes & Thornburg, LLP, Atlanta, GA, Attorneys for the Plaintiff.

Shanti M. Katona, Esq., Polsinelli Shughart, Wilmington, DE, Michael N. Ripani, Esq., Seyfarth Shaw LLP, Chicago, IL, Attorneys for Defendant.

November ___/___, 2012

ANDREWS, U.S. DISTRICT JUDGE:

Before the court is Plaintiff's motion to dismiss the Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6). (D.I.10). Craig A. Korac filed a complaint against QxC Communications, Inc and John Von Stein to recover damages from an employment contract allegedly entered into by the parties. (D.I. 1). The Defendants contend that no employment contract existed and asserted counterclaims based upon an "Asset Purchase Agreement". (D.I. 6). This agreement was entered into between QxC Communications and Craig Korac as President of WiBeam, Inc and Nikor Group, Inc. (D.I. 6). QxC Communications' counterclaims allege fraud, breach of contract and indemnification based on this agreement. (D.I. 6). The Plaintiff asserts that the requirements of Federal Rule of Civil Procedure 9(b) have not been satisfied by QxC Communications, Inc.'s pleading. (D.I. 11). Korac also argues that the fraud claim must fail as it is barred by the integration clause contained in the "Asset Purchase Agreement." (D.I. 11). Plaintiff further contends that as he is not a party to the contract but merely an agent for a disclosed principal and that the contract-based counterclaims thus fail to state a claim. (D.I. 11).

The issues before the court are whether the counterclaim for fraud is subject to dismissal pursuant to Federal Rule of Civil Procedure 9(b) or is barred under the integration clause of the "Asset Purchase Agreement." The issue pertaining to the contract-based counterclaims is whether pursuant to Federal Rule of Civil Procedure 12(b)(6) the counterclaims should be dismissed for failure to state a claim as Korac is not a party to the contract.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 9(b):

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

This heightened particularity standard does not require a complaint to list date, place or time in the pleading when the purpose of Rule 9(b) to serve notice to Defendants is met by sufficient alternative specifics of the alleged misconduct. *In re: Fruehauf Trailer Corp.*, 250 B.R. 168, 198 (D.Del.2000).

In Counterclaim III, QxC Communications alleges 14 material misrepresentations of fact attributed to Korac prior to entering into the "Asset Purchase Agreement." The particulars provided in the pleading are sufficient to provide notice to Korac and therefore meet the requirement of Federal Rule of Civil Procedure 9(b).

Pursuant to *Kronenberg v. Katz*, 872 A.2d 568, 593 (Del. Ch.2004):

> [F]or a contract to bar a fraud in the inducement claim, the contract must contain language that, when read together, can be said to add up to a clear anti-reliance clause by which the plaintiff has contractually promised that it did not rely upon statements outside the contract's four corners in deciding to sign the contract. The presence of a standard integration clause alone, which does not contain explicit anti-reliance representations and which is not accompanied by other contractual provisions demonstrating with clarity that the plaintiff had agreed that it was not relying on facts outside the contract, will not suffice to bar fraud claims.

The "Asset Purchase Agreement" contains an integration clause in Article 11.4 which states:

> This Agreement represents the entire agreement and understanding of the parties hereto with reference to the transactions contemplated herein, and no representations, warranties or covenants have been made in connection with this Agreement other than those expressly set forth herein, in the Schedules, the Exhibits, or in the Documents delivered in accordance herewith or therewith. This Agreement supersedes all prior negotiations, discussions, correspondence, communications, understandings, and agreements between

the parties relating to the subject matter of this Agreement.

(D.I. 11). This appears to be a standard integration clause. There is no anti-reliance language contained in it, *compare Kronenberg*, 872 A.2d at 590 (stronger anti-reliance language that was found sufficient in earlier case), and therefore it does not serve as a bar to the fraud counterclaim.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6), a complaint must contain, "enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The basis for QxC Communications' counterclaim for breach of contract and indemnification is the "Asset Purchase Agreement." (D.I. 6). Korac executed the agreement as President of both the selling companies. (D.I. 11). Under Delaware law, the established general rule is that an agent entering into a contract on behalf of a disclosed principal is not liable as a party to the contract. *Lawrence Johnson & Co., Inc. v. Beadenkopf Leather Company*, 132 F. Supp. 391, 393 (D. Del. 1955).[1] For this reason the motion to dismiss counterclaims IV and V is granted.

## CONCLUSION

For the reasons set forth above, the court will deny the motion to dismiss QxC Communications' Counterclaim III for fraud and will grant the motion to dismiss Counterclaims IV and V for breach of contract and indemnification.

---

[1] QxC cites *Pritzker v. Merrill Lynch*, 7 F.3d 1110 (3d Cir. 1993), but that case does not involve personal liability of an agent signing a contract for a principal, and has no persuasive value as applied to the allegation of the counterclaims.